**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2098

_____

FRANCINE LEAH GINDER,
                              Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(No. 5:23-cv-04230)
U.S. Magistrate Judge: Honorable Scott W. Reid
_____

Submitted Under Third Circuit LAR 34.1(a)
January 27, 2025
_____

Before: SHWARTZ, KRAUSE, and PORTER, <u>Circuit Judges</u>.

(Filed: January 29, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Francine Leah Ginder appeals the District Court's order upholding the Administrative Law Judge's ("ALJ") decision denying her application for disability insurance benefits. Although the ALJ meaningfully reviewed the evidence in assessing Ginder's claim, we will vacate the order and remand for the ALJ to reconsider and provide reasons for her residual function capacity ("RFC") determination.

I

In 2019, Ginder applied for social security disability benefits, claiming that she could not work due to a back injury, diabetes, fibromyalgia, depression, anxiety, insomnia, asthma, and nerve damage in her hands.[1] Ginder's application was denied, and she requested a hearing before an ALJ.

At the hearing, Ginder testified that she had back surgery in 2011,[2] and, since 2016, had experienced back pain that radiated into her hips and legs. Given her pain, Ginder explained that she could only (1) walk for about a block or stand for about ten minutes before needing to sit and (2) sit for about thirty minutes before needing to stand.

The ALJ determined that Ginder was not "disabled" for purposes of receiving disability benefits.[3] The ALJ found that Ginder had severe impairments of diabetes,

---

[1] Before she stopped working in 2016, Ginder worked as a receptionist, a nursing staff coordinator, and an administrative clerk.
[2] Ginder injured her back moving a box off a shelf while at work.
[3] In reaching this determination, the ALJ performed the five-step sequential evaluation process for ascertaining whether a person is disabled. See 20 C.F.R. § 404.1520(a) (detailing the five-step process); see also Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118-19 (3d Cir. 2000) (recounting the five-step process).

obesity, asthma, allergic rhinitis, right carpal tunnel syndrome along with trigger finger, and lumbar disc disease. Given her impairments, the ALJ determined that Ginder had the RFC[4] to perform light work[5] with certain restrictions.[6] In making that determination, the ALJ found that the evidence did "not support the severity of the symptoms and limitations she alleged." AR 30.

After the Appeals Council denied Ginder's request for review, Ginder appealed to the District Court.[7] The Court determined that the ALJ's decision was supported by substantial evidence and entered judgment in favor of the Commissioner of Social Security. Ginder v. O'Malley, No. 23-4230, 2024 WL 1683624, at *2, *9 (E.D. Pa. Apr. 18, 2024) (citing 42 U.S.C. § 405(g)).

---

[4] A claimant's RFC is the most work she can perform despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1).

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the Social Security Administration] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

[6] The ALJ specifically determined that Ginder could perform light work "limited to frequent reaching, handling and fingering; to occasional postural maneuvers; to occasional exposure to temperature extremes, humidity, wetness and respiratory irritants; and to simple and routine tasks." AR 24. These limitations were intended to accommodate Ginder's carpal tunnel syndrome, allergies, asthma, fatigue, and difficulty sleeping. Based on Ginder's ability to perform a limited range of light work, as well as her age, education, and work experience, the ALJ concluded that Ginder could work in jobs that existed in significant numbers in the national economy, such as an assembler of small parts or a router, and therefore was ineligible for disability benefits.

[7] Ginder consented to Magistrate Judge jurisdiction. 28 U.S.C § 636.

3

Ginder appeals.

## II[8]

Ginder argues that the ALJ failed to justify her conclusion that Ginder could perform a limited range of light work.  We agree.

An ALJ must "set forth the reasons for [her] decision," Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000), so that "there is sufficient development of the record and explanation of findings to permit meaningful review," Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).  An ALJ's RFC finding accordingly "must be accompanied by a clear and satisfactory explication of the basis on which it rests." Fargnoli v. Massanari, 247 F.3d 34, 41 (3d Cir. 2001) (internal quotation marks omitted). This includes giving "some indication of the evidence which [the ALJ] rejects and [her] reason(s) for discounting such evidence." Burnett, 220 F.3d at 121.  Relatedly, although an ALJ "is not required to credit" a claimant's statements about her symptoms, Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 363 (3d Cir. 2011) (citing 20 C.F.R. § 404.1529(a)), if she chooses to reject or discount such testimony, she "must still explain why [she has done so]," Burnett, 220 F.3d at 122; see also Chandler, 667 F.3d at 362

---

[8] The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g).  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We exercise plenary review over ALJs' legal conclusions, Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011), and review their factual findings and final disability determination under the deferential substantial evidence standard, 42 U.S.C. § 405(g); Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003)).  "It is more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Id. (internal quotation marks omitted).

(noting that, to ensure meaningful review, an ALJ must explain "the degree to which a claimant's testimony is credited").

Here, the ALJ did a commendable job in analyzing the medical evidence,[9] but failed to adequately explain why she concluded that Ginder could perform a limited range of light work. To engage in light work, one must be able to stand or walk for a majority of an eight-hour workday. See 20 C.F.R. § 404.1567(b); Fargnoli, 247 F.3d at 40; see also SSR 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983) ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."); SSR 83-12, 1983 WL 31253, at *4 (Jan. 1, 1983) (similar); accord Jesurum v. Sec'y of U.S. Dep't of Health & Hum. Servs., 48 F.3d 114, 120-21 (3d Cir. 1995) (recognizing that an individual unable "to remain in either a sitting or standing position

---

[9] The ALJ's findings relating to Ginder's weight and obesity and her pain specialists' treatment notes were supported by substantial evidence. Contrary to Ginder's assertions, although the ALJ recited the administrative policy's language concerning obesity, see SSR, 19-2p, 2019 WL 2374244 (May 20, 2019), she then discussed Ginder's weight and BMI as they related to her other impairments.

In addition, the District Court did not engage in improper factfinding as its observations were tethered to the record and the ALJ's decision. See generally Biestek v. Berryhill, 587 U.S. 97, 102 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations." (internal quotation marks omitted) (alteration in original)). Moreover, Ginder's suggestion that the ALJ erred by not requesting a medical advisor's review is meritless as ALJs are not required "to seek outside expert assistance." Chandler, 667 F.3d at 362 (citing 20 C.F.R. §§ 404.1546(c), 404.1527(e); SSR 96-5p, 1996 WL 374183 (July 2, 1996)). Ginder's reliance on Walton v. Halter, 243 F.3d 703 (3d Cir. 2001) is inapt. In Walton, we determined that an ALJ should call upon a medical advisor's services, with reference to a since-rescinded ruling, see SSR 83-20, where (1) the ALJ's selected disability onset date had "no legitimate medical basis," (2) all the medical evidence "suggested an onset [date] prior" to the date the ALJ selected, and (3) there was no available "opinion based on personal, contemporaneous observation." Id. at 709-10. None of those factors are present here.

for the majority of the workday" cannot perform "light work"). The ALJ did not identify evidence supporting a finding that Ginder could stand or walk for that amount of time. In fact, the record seems to suggest a contrary finding given that the medical evidence does not address these subjects[10] and Ginder testified that she could only walk for about a block, or stand for about ten minutes, before needing to sit, and sit for about thirty minutes before needing to stand. Notably, because the ALJ did not mention that testimony, which if credited would suggest Ginder could not perform light work, we are unable to tell if it "was not credited or simply ignored." Burnett, 220 F.3d at 121 (quoting Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).

For these reasons, we cannot determine the basis for the ALJ's finding that Ginder could perform a limited range of light work and therefore will vacate and remand[11] for the ALJ to reconsider and provide her reasons and evidentiary basis for the RFC determination, including explaining (1) the weight she gives Ginder's relevant testimony and why she accepts or discounts it and (2) the basis for her conclusions regarding Ginder's ability to sit, stand, or walk for the time typically required for light or sedentary

_____

[10] The pain specialists' treatment notes say that Ginder had "increased back and radicular pain" and "difficulty with ambulation secondary to the pain," (i.e., difficulty walking without assistance), AR 621, but these notes appear to memorialize Ginder's reports of her subjective experience, rather than a medical opinion.

[11] See, e.g., Fargnoli, 247 F.3d at 40 (vacating and remanding where the ALJ failed to "explain the basis of his conclusions," making "it impossible to determine whether the ALJ's finding that [the claimant could] perform light work [was] supported by substantial evidence"); Burnett, 220 F.3d at 119 (vacating and remanding where the ALJ made "only a conclusory statement without mentioning any specific listed impairments or explaining his reasoning").

work,[12] see, e.g., 20 C.F.R. § 404.1567(a)-(b); SSR 83-12, 1983 WL 31253, at *4; SSR 83-10, 1983 WL 31251, at *5-6.

## IV

For the foregoing reasons, we will vacate the District Court's order and remand with instructions to remand to the ALJ for further proceedings consistent with this Opinion.

---

[12] We express no view as to Ginder's RFC and leave to the ALJ to determine whether, and explain why, the record shows that Ginder can perform light or sedentary work and, if the latter, whether her age compels a particular disability determination.

PORTER, *Circuit Judge*, concurring.

I join my colleagues in concluding that the Administrative Law Judge failed to adequately explain her conclusions. Lurking in the shadows of this case, however, is a separate problem. The primary thrust of Ginder's appeal is that her obesity is a disability. The Social Security Administration agrees obesity can qualify as a disability: all an ALJ has to do is apply an "acceptable medical" test, such as the BMI calculator, consider the obesity's severity ("alone" or in combination with symptoms and other impairments), and the applicant is on his way to securing benefits. SSR 19-2p, 84 Fed. Reg. 22924 (May 20, 2019); 20 C.F.R. § 404.1520(a)(4)(ii) (discussing severity). Following that regulatory cue, this Court has treated obesity as an impairment. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 503–04 (3d Cir. 2009).

This notion appears to be a regulatory fiction. Until recently, we tended to defer to an administrative agency on whether it was "act[ing] within its statutory authority," but now we must "exercise [our] independent judgment." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024). That requires us to focus on the statutory text. *Ross v. Blake*, 578 U.S. 632, 638 (2016).

The benefits statute defines a disabled person as having a "medically determinable physical or mental impairment," 42 U.S.C. § 423(d)(1)(A), which in turn is defined as an "impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § (d)(3). In other words, not all impairments are compensable. To be

1

compensable, the impairment must be the symptom of a condition rather than the condition itself.

It is hard to see why obesity always meets the mark. Obesity is often a standalone condition without an underlying medical cause. The Administration admits as much, identifying "environment . . . and behavior" as sources of obesity. SSR 19-2p. That is, human agency rather than a medical abnormality may be the cause.

Broadly reading the benefits statute to protect obesity in general is also difficult in light of the ADA, which likewise defines a disability to require "a physical or mental impairment." 42 U.S.C. § 12102(1)(A). Though the ADA lacks a 'result' element, the EEOC defines impairments as "physiological." 29 C.F.R. § 1630.2(h)(1). Numerous courts have taken up the question of whether obesity alone is a physical impairment under the ADA, and the consensus is that it is not. Rather, "a mere physical characteristic" like obesity "does not, without more, equal a physiological disorder." *E.E.O.C. v. Watkins Motor Lines, Inc.*, 463 F.3d 436, 442 (6th Cir. 2006) (citing *Andrews v. Ohio*, 104 F.3d 803, 810 (6th Cir. 1997)).[1]

---

[1] *See Tex. Tech Univ. Health Sciences Ctr. – El Paso v. Niehay*, 671 S.W.3d 929, 937–38 & n.27 (Tex. 2023) (collecting cases analyzing the ADA to inform Texas equivalent); *Lescoe v. Pa. Dept. of Corrections–SCI Frackville*, 464 F. App'x 50, 53 n.7 (3d Cir. 2012) (not precedential) (collecting cases analyzing the ADA and state equivalents); *Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 887–88 (7th Cir. 2019) (same); *BNSF Ry. Co. v. Feit*, 281 P.3d 225, 229–30 (Mont. 2012) (same). We have yet to adopt a position on whether obesity is an impairment under the ADA. *Lescoe*, 464 F. App'x at 53 n.7.

The statutory meaning of physical impairment sometimes excludes obesity either because it is not an impairment of any kind, or, if it *is* an impairment, because it does not necessarily stem from some underlying abnormality. While we conclude the ALJ's decision regarding Ginder's obesity was supported by substantial evidence, future cases should treat obesity consistent with the text of the benefits statute.